[797 NYS2d 765]

In the Matter of JOHN A. TUNNEY (Admitted as JOHN ANTHONY TUNNEY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 11, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of the State of New Jersey dated September 28, 2004, the respondent was suspended from the practice of law for a period of six months, until the further order of that court, effective October 29, 2004. He was directed, prior to his reinstatement to practice, to submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics. Further, the court directed that, on reinstatement, the respondent should not practice as a sole practitioner, but for a period of two years and until the further order of the court, he should be supervised by an attorney approved by the Office of Attorney Ethics.

The order of suspension of the Supreme Court of the State of New Jersey was based upon a March 26, 2004, decision of the Disciplinary Review Board. The Disciplinary Review Board determined that clear and convincing evidence supported the finding of a special master, after a hearing, regarding seven client complaints, that respondent's conduct was unethical. The court took into consideration "substantial mitigation" with respect to the respondent's diagnosis and treatment for depression, and the fact that the respondent was not motivated by greed or venality.

Although served with the petitioner's motion pursuant to 22 NYCRR 691.3 on February 16, 2005, the respondent failed to submit any response claiming that any of the enumerated defenses was applicable and failed to demand a hearing. Accordingly, the motion for the imposition of reciprocal discipline is granted and the respondent is suspended in New York for a period of one year based upon the disciplinary action taken against him by the Supreme Court of the State of New Jersey, with leave to apply for reinstatement upon his submission of the report of a mental health professional.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SANTUCCI, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, John A. Tunney, admitted as John Anthony Tunney, is suspended from the practice of law for a period of one year, commencing August 11, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner that six months prior to the expiration of the said period of one year upon (1) submitting a report of a

mental health professional and (2) furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John A. Tunney, admitted as John Anthony Tunney, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John A. Tunney, admitted as John Anthony Tunney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).