[968 NYS2d 804]

In the Matter of JOHN A. TUNNEY (Admitted as JOHN ANTHONY TUNNEY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 17, 2013

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order dated March 13, 2012, and filed March 16, 2012, the Supreme Court of New Jersey disbarred the respondent, effectively immediately, and permanently enjoined him from practicing law (*Matter of Tunney*, 209 NJ 427, 37 A3d 1139 [2012]). The order of disbarment was preceded by an order of the same court dated February 9, 2011, temporarily suspending the respondent from the practice of law in New Jersey for unethical conduct in 10 matters, including violations of New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.1 (a) (gross neglect) and (b) (pattern of neglect); RPC rule 1.3 (lack of diligence); RPC rule 1.4 (b) (failure to keep client reasonably informed about the status of the matter); RPC rule 1.15 (a) (negligent misappropriation) and (d) (recordkeeping violations); RPC rule 1.16 (d) (failure to protect client's interests on termination of representation); RPC rule 8.1 (b) (failure to cooperate with disciplinary authorities) and RPC rule 8.4 (c) (conduct involving dishonesty, fraud, deceit, and misrepresentation) and (d) (conduct prejudicial to the administration of justice) (*see Matter of Tunney*, 205 NJ 48, 11 A3d 863 [2011]).

The order of disbarment of the Supreme Court of New Jersey was based upon a decision of the Disciplinary Review Board (hereinafter the DRB) dated December 21, 2011. Of the 10 matters before the DRB, the respondent defaulted on nine of the matters. Only one matter was scheduled for oral argument; however, the respondent did not appear, despite proper notice. The DRB's decision noted at the outset that the respondent had an egregious disciplinary history. Including the matters then currently before the DRB, the respondent had been found guilty of ethics improprieties in 25 disciplinary matters. In view of the new violations, the respondent's significant disciplinary history, and substantial aggravating factors (the respondent's refusal to learn from his past disciplinary experiences and demonstrated disregard for his clients' interests and for the ethics authorities), the DRB recommended that the respondent be disbarred.

By order dated March 13, 2012, and filed March 16, 2012, the Supreme Court of New Jersey, based on the DRB's decision, disbarred the respondent, effective immediately, permanently enjoined him from practicing law, and directed that he reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of that matter.

By opinion and order of this Court dated July 11, 2005, the respondent was suspended from the practice of law for a period of one year based upon an order of the Supreme Court of New Jersey dated September 28, 2004, which, inter alia, suspended him from the practice of law in New Jersey for a period of six months (*see Matter of Tunney*, 21 AD3d 115 [2005]). The respondent remains suspended in New York. New York State Office of Court Administration records reflect that the respondent has been delinquent in his biennial attorney reregistration fees for the periods 1994 to 1995, and 1998 to the present.

On August 9, 2012, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts personally served a copy of a notice pursuant to 22 NYCRR 691.3 upon the respondent. More than 20 days have elapsed since service of the notice, and the respondent has neither filed a verified statement asserting any defenses or demanding a hearing, nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the discipline imposed by the Supreme Court of New Jersey, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is disbarred, effective immediately.

ENG, P.J., MASTRO, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, John A. Tunney, admitted as John Anthony Tunney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, John A. Tunney, admitted as John Anthony Tunney, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, John A. Tunney, admitted as John Anthony Tunney, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to an-

other an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, John A. Tunney, admitted as John Anthony Tunney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).